IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DIANE GUSE,

               Plaintiff,

vs.                                        Case No. 15-1126-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

               Defendant.


MEMORANDUM AND ORDER

Plaintiff filed an application for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA) (Doc. 18). The motion has been fully briefed by the parties.

**I. General legal standards**

The EAJA provides for an award of attorney fees to a prevailing party in a suit against the United States unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007); Estate of Smith v. O'Halloran, 930 F.2d 1496, 1501 (10th Cir.1991). Under the EAJA, a prevailing party includes a plaintiff who secures a sentence four remand reversing the Commissioner's denial of benefits as to "any significant issue in litigation which achieve[d] some of the benefit ... sought in

bringing suit." Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 791-92, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); Sommerville v. Astrue, 555 F. Supp.2d 1251, 1253 (D. Kan. 2008).

The Commissioner bears the burden to show that his position was substantially justified. Gilbert v. Shalala, 45 F.3d 1391, 1394 (10th Cir.1995). However, the party seeking the fees has the burden to show that both the hourly rate and the number of hours expended is reasonable in the circumstances. Hensley v. Eckerhart, 461 U.S. 424, 433-34, 437, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); Sommerville v. Astrue, 555 F. Supp.2d at 1253.

The test for substantial justification is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person. The government's position can be justified even though it is not correct. Hackett, 475 F.3d at 1172; see Madron v. Astrue, 646 F.3d 1255, 1257-58 (10th Cir. 2011). EAJA fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position. Hackett, 475 F.3d at 1174.

## II.  Was the position of the Commissioner substantially justified?

The Commissioner argues that attorney fees should not be awarded under the EAJA because of the Commissioner's contention

that the position of the government was substantially justified. As noted above, the Commissioner has the burden of proof to show that her position was substantially justified.

In this case, the only issue raised by plaintiff was whether the ALJ erred by failing to assess the impact of the medical recommendation that plaintiff required the use of a cane. Dr. Foster recommended that plaintiff use a cane to help with ambulation due to severe osteoarthritis in both knees. Dr. Bruner, another treating physician, opined that plaintiff required the use of a cane for ambulation or balance. Dr. Bruner noted severe arthritis in both of plaintiff's knees. Finally, plaintiff's treating therapist, also opined that plaintiff required the use of a cane for ambulation or balance. None of these reports were discussed or mentioned by the ALJ.

Defendant noted that the ALJ did state that plaintiff reported that she used a cane, and that the ALJ gave substantial weight to the opinions of Dr. Parsons, who noted that plaintiff used a cane when walking. Defendant contends that it is reasonable to argue that plaintiff's use of a cane was taken into account when the ALJ made her RFC findings.

According to SSR 96-9p, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing. It goes on to state that the occupational base for an individual who must use such a device for balance

3

because of significant involvement of both lower extremities may be significantly eroded.  In these situations, it may be especially useful to consult an vocational resource in order to make a judgment regarding the individual's ability to make an adjustment to other work.

In the case of Staples v. Astrue, 329 Fed. Appx. 189 (10th Cir. May 19, 2009), the court determined that there was no indication of medical necessity for the use of a cane.  In the absence of medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, the court found that the ALJ did not err by not considering and incorporating her use of a cane into his RFC findings pursuant to SSR 96-9p.  329 Fed. Appx. at 192.  In clear contrast to Staples, in this case there was medical documentation from two treating physicians and a treating therapist establishing the need for a hand-held assistive device for ambulation or balance. The evidence also clearly establishes that plaintiff had significant involvement of both lower extremities (severe arthritis in both of her knees).  Thus, SSR 96-9p, on the facts of this case, clearly required that the ALJ include a cane in the RFC findings and in the hypothetical question, or, in the alternative, provide a legally sufficient explanation for not including a cane in the RFC findings.  However, the ALJ did not include this limitation in her RFC findings, or in the

hypothetical question to the VE, and the ALJ did not provide any explanation for not including a cane in the RFC or in the hypothetical question.[1]

Although the ALJ stated that plaintiff reported that she used a cane, and the ALJ gave significant weight to the opinion of Dr. Parsons, who noted that plaintiff indicated that she used a cane, SSR 96-9p is clear, as the court in Staples indicated, that there is a requirement for medical documentation establishing the need of a cane.  That medical documentation exists in this case, but it was not considered by the ALJ. Although both the ALJ and Dr. Parsons noted that plaintiff indicated that she used a cane, this does not establish a medical necessity or documentation for use of a cane.  Most significantly, although the ALJ noted that plaintiff reported that she used a cane, and Dr. Parsons noted that plaintiff indicated that she used a cane, the ALJ failed to include this limitation in the RFC or in the hypothetical question to the VE. SSR 96-9p is clear that when there is medical documentation regarding the need for a cane, and when a cane is needed because of significant involvement of both lower extremities, as in the case before the court, the occupational base may be

---

[1] Defendant, in her brief, argues that the hypothetical question to the VE "incorporated Plaintiff's use of a cane" and that the VE heard plaintiff testify that she used a cane (Doc. 20 at 3).  The court has reviewed the transcript of the hearing, and there was no mention to the VE by the ALJ about plaintiff using or needing to use a cane (R. at 68-72). Although the VE may have heard plaintiff testify to her use of a cane, the VE's answer to the hypothetical question would reasonably be limited to the limitations the ALJ set forth in the hypothetical question.

significantly eroded, and a VE should be consulted about the
impact of such a limitation.

A position taken by the ALJ or government that contravenes
longstanding agency regulations, as well as judicial precedent,
is not substantially justified.  Quintero v. Colvin, 642 Fed.
Appx. 793, 796 (10th Cir. Feb. 25, 2016).  The position of the
government in this case contravenes SSR 96-9p, as set forth
above, and the court holding in Staples.

In the recent case of Beard v. Colvin, Case No. 14-1168-JTM
(D. Kan. Jan. 4, 2016), the Commissioner argued that it was
evident that the ALJ considered the effect of plaintiff's cane
on his functional abilities and incorporated it into his RFC
finding.  The court found that this argument was based on an
unreasonable factual premise and was not substantially
justified.

In the case presently before the court, the Commissioner
also argues that the ALJ effectively incorporated plaintiff's
use of a cane into her RFC findings and into her hypothetical
question to the VE.  The position of the Commissioner
contravenes SSR 96-9p and judicial precedent, and the argument
is based on an unreasonable factual premise, as Judge Marten

found in Beard.  For these reasons, the court finds that the
position of the government is not substantially justified.[2]

## III.  Are the attorney fees requested by plaintiff's counsel reasonable?

Plaintiff's counsel states that she worked 28.3 hours on
this case (including 4 hours working on this motion), and would
be entitled to an award of $5,306.25 (based on an hourly fee of
$187.50).  Defendant, in her brief, did not contest the amount
of attorney fees being requested by plaintiff's counsel.  As
this court has indicated in the past, the typical EAJA fee
application in social security cases is between 30 and 40 hours.
Williams v. Astrue, 2007 WL 2582177 at *1 & n.3 (D. Kan. Aug.
28, 2007); see Lavoie v. Colvin, 2016 WL 4181323 at *3 (D. Kan.
Aug. 8, 2016)(As judges in this district have noted for more
than twenty years, a typical number of hours claimed in EAJA
applications in "straightforward" disability cases is between
thirty and forty hours).  Defendant, in her brief, did not
contest the amount of attorney fees being requested by
plaintiff's counsel.  The court finds that the hours spent by

---

[2] Defendant cited to the case of Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990) when the VE was present and heard testimony concerning claimant's alleged limitations, which suggested that the effect of any alleged error in the ALJ's hypothetical questions was  minimal.  However, the court had previously noted that the VE revised her opinion of Diaz's functional capacity after listening to the hearing testimony.  The court stated that this change in the VE testimony suggested that the expert was cognizant of Diaz's other impairments and that she was making an individualized assessment.  In the case before the court, the VE did not revise her testimony after listening to the testimony of the plaintiff; the VE simply responded to the hypothetical question which did not include a limitation that plaintiff required a cane.

counsel was reasonable.  Therefore, a reasonable attorney fee
pursuant to the EAJA is $5,306.25.

IT IS THEREFORE ORDERED that plaintiff's motion for
attorney fees pursuant to the Equal Access to Justice Act (Doc.
22) is granted, and the Commissioner is ordered to pay plaintiff
an attorney fee in the amount of $5,306.25.

Dated this 19th day of October 2016, Topeka, Kansas.


s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge